**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| **INTERSTATE BAKERIES** | ) |
| **CORPORATION, et al.,** | ) **Case No. 04-45814 (JWV)** |
| | ) **(Jointly Administered)** |
| **Debtors.** | ) |
| | ) |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR
ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI
CONSULTING, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS NUNC PRO TUNC TO OCTOBER 20, 2004**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order under section 1103 of the Bankruptcy Code, authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee. In support of this Application, the Committee respectfully states as follows:

## Introduction

1.      On September 22, 2004, (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession.

2.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

17439/2
11/15/2004 1638961.01

## Background

3.      On September 24, 2004, the United States Trustee officially appointed the Committee pursuant to a certain Appointment and Notice of Appointment of Committee of Unsecured Creditors dated September 24, 2004. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4.      The Debtors are the largest wholesale baker and distributor of fresh baked bread and sweet goods in the United States. Debtors produce, market and distribute a wide range of breads, rolls, snack cakes, donuts, sweet goods and related products under national brand names, such as "Wonder®," "Hostess®" and "Home Pride®," as well as regional brand names, including "Butternut®," "Dolly Madison®," "Drake's®" and "Merita®."

5.      The Debtors operate 54 bakeries and more than 1,000 distribution centers, from which the Debtors' sales force delivers fresh baked goods on approximately 9,100 delivery routes to more than 200,000 food outlets. The Debtors employ approximately 32,000 people of which approximately 81% are members of a union.

6.      The Debtors report that for the 52 weeks ending May 29, 2004, they generated net sales of $3.468 billion with a net loss of approximately $26 million. For that same period, the Debtors report estimated assets of $1.626 billion, at book value, and current and long-term liabilities of $913 million and $391 million respectively.

## Relief Requested

7.      By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, nunc pro tunc to October 20, 2004.

8.      The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an

excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

9.     The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

10.     FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance with a review of the Debtors' current and historical operating performance.

- Assistance to the Committee with information and analyses required pursuant to the Debtors' Debtor-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance with a review of the Debtors' proposed key employee retention and other critical employee benefit programs;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of  various executory contracts and leases;

- Assistance regarding the valuation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed

transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are, as agreed to by FTI, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### FTI's Eligibility for Employment

11. FTI has informed the Committee that, except as may be set forth in the Affidavit of Michael C. Eisenband (The "Eisenband Affidavit"), it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

12. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

13. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

### Terms of Retention

14. FTI is not owed any amounts with respect to pre-petition fees and expenses.

15. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support

-4-

services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.  FTI seeks a fixed allowance for compensation of $150,000 per month, in addition to a success fee, if supported by the Committee.

**Notice**

16.    Notice of this Application has been given to (i) Interstate Bakeries Corporation, the Debtors, 12 East Armour Boulevard, Kansas City, MO 64111, Attn: Kent B. Magill, Esq.; (ii) The Office of the United States Trustee, 400 East 9th Street, Room 3440, Kansas City, MO 64106, Attn: Sherri Wattenbarger, Esq.; (iii) Skadden, Arps, Slade, Meagher & Flom LLP, Debtors' counsel, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606, Attn: J. Eric Ivester, Esq. (iv) Stinson Morrison Hecker LLP, Debtors' counsel, 1201 Walnut, Suite 2800, Kansas City, MO 64106-2150, Attn: Paul M. Hoffmann, Esq.; (v) Bryan Cave LLP, counsel to the agent for the Debtors' postpetition lenders, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102-2750, Attn: Gregory D. Willard, Esq.; (vi) Bryan Cave LLP, counsel to the agent for the Debtors' postpetition lenders, 3500 One Kansas City Place, 1200 Main Street, Suite 3500, Kansas City, MO 64105-2100, Attn: Laurence M. Frazen, Esq.; (vii) Simpson Thacher & Bartlett LLP, counsel to the agent for the Debtors' prepetition lenders, 425 Lexington Avenue, 27th Floor, New York NY 10017-3954, Attn: Kenneth Ziman, Esq.; (viii) Spencer Fane Britt & Browne LLP, counsel to the agent for the Debtors' prepetition lenders, 1000 Walnut Street, Suite 1400, Kansas City, MO 64106-2140, Attn: Scott Goldstein, Esq.; (ix) Lowenstein Sandler PC, counsel to the Official Committee of Unsecured Creditors, Attn: Kenneth Rosen, Esq.; (x) Kutak Rock LLP, counsel to the Official Committee of Unsecured Creditors, Attn: Paul Sinclair, Esq.; (xi) Kurtzman Carson Consultants LLC, notice and claims agent, 12910 Culver Blvd., Ste. I, Los Angeles, California 90066, Attn: Interstate Bakeries Corporation; (xii) U.S. National Bank Association, trustee for holders of Debtors' senior subordinated convertible notes, 60 Livingston Avenue, EP-MN-WS3C, St. Paul, MN 55107,

Attn: Frank P. Leslie, III, and (xiii) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

17.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, nunc pro tunc to October 20, 2004, and grant such further relief as is just and proper.

November 22, 2004

> OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF INTERSTATE BAKERIES
> CORPORATION, et al.,
>
> *Laura L. Moran*
>
> Laura L. Moran
> Committee Co-Chairperson
>
>
> J. Kirk Ogren, Jr.
> Committee Co-Chairperson

Attn: Frank P. Leslie, III, and (xiii) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

### No Prior Request

17.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, nunc pro tunc to October 20, 2004, and grant such further relief as is just and proper.

November 19, 2004

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF INTERSTATE BAKERIES
CORPORATION, et al.,

_____
Laura L. Moran
Committee Co-Chairperson

_____
J. Kirk Ogren, Jr.
Committee Co-Chairperson

-6-