IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INTERSTATE BAKERIES | ) | Case No. 04-45814-JWV |
| CORPORATION, et al., | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM ORDER DENYING CLAIM
## # 6730 FILED BY RENEE GONZALES

Renee C. Gonzales, a former (and present) employee of Interstate Brands Corporation, one of the Debtors in this Chapter 11 case ("Debtors"), filed a claim (# 6730) against the Debtors for $75,114.00. The Debtors objected to the claim in their Fifteenth Omnibus Objection. Based on the evidence adduced and the arguments of Ms. Gonzales and Debtors' counsel, and based on the Court's review of the many documents submitted by the parties, the Court will sustain the Debtors' Objection and disallow and expunge the claim.

Ms. Gonzales was first employed by Interstate Brands Corporation on July 24, 2003. About a month later, she suffered an injury on the job and filed a workers' compensation claim. Though there is some dispute over what the doctors said (or meant) about her ability to return to work, it is clear that the doctors placed a 10-pound lifting restriction on Ms. Gonzales. On October 8, 2003, the company advised Ms. Gonzales that it did not have a regular job that was compatible with the work restrictions and therefore Ms. Gonzales was being placed on lay-off with recall rights.

Dissatisfied with what had occurred, Ms. Gonzales pursued several avenues in an attempt to regain her employment. She filed a grievance with her union under the collective bargaining agreement, but the union determined that it had no basis to challenge the employer's determination that there was no job that Ms. Gonzales could perform with her work restrictions. She hired attorneys who unsuccessfully took her protests to the union and to the company. She filed an action in the Colorado Workers' Compensation division to compel the company to pay for a medical evaluation of her condition, and that request was denied.

Eventually, Ms. Gonzales was invited to return to work at Interstate Brands, and she did so on September 11, 2004, less than two weeks before the Debtors filed their bankruptcy petitions.  The Court understands that Ms. Gonzales continues to work for the company at this time.

In her claim, Ms. Gonzales seeks $43,354.00 in wages that she claims she would have earned between October 2003 and September 2004 had she been permitted to return to work prior to September 11, 2004; $600.00 in earned work credits; pension contributions of $12,100.00; medical insurance premiums of $12,000.00; attorney fees of $2,000.00; and interest of approximately $5,000.00.

Ms. Gonzales has advanced no legal justification that would support an allowance of her claim, nor do the facts support her claim.  Simply put, the doctors who examined Ms. Gonzales found that she had suffered an injury that, for her own protection, required that she be placed on restricted duty with a 10-pound lifting restriction.  In other words, Ms. Gonzales – who is described in a doctor's report as "a 44-year-old relatively petite woman" – was simply unable to perform the sort of work that she was attempting to perform.  She admitted to the doctors that she had concerns about her abilities to handle the work.  For these reasons, Ms. Gonzales could not return to work because the company did not have light duty or modified duty jobs that were compatible with her work restrictions.

The evidence does not demonstrate that Ms. Gonzales was wrongfully denied re-employment after her work-related injury, and her claim must be denied.

Therefore, it is

ORDERED that Claim # 6730 filed by Renee C. Gonzales be and is hereby disallowed and expunged.

Dated:  January 17, 2007

/s/ Jerry W. Venters
United States Bankruptcy Judge

Attorney for Debtor to serve