IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In re:                                          )
                                                )
INTERSTATE BAKERIES                             )      Case No. 04-45814-JWV
CORPORATION, et al.                             )
                                                )
                        Debtors.                )

## MEMORANDUM ORDER

On December 20, 2007, Interstate Bakeries Corporation and eight of its subsidiaries and affiliates[1] ("Debtors") filed an emergency motion asking the Court to require the Yucaipa Companies LLC ("Yucaipa") and/or the International Brotherhood of Teamsters ("IBT") to file on or before January 3, 2008 a plan of reorganization and a disclosure statement containing certain minimum details.  The motion further requested that the Court prohibit Yucaipa and/or the IBT from filing a plan of reorganization and a disclosure statement at any later date if they failed to meet the January 3, 2008 deadline.  JP Morgan Chase Bank, as agent for the pre-petition lenders, supports the motion, and Yucaipa and the IBT oppose it.[2]

Briefly stated – and without slogging through the numerous arguments over who is most to blame for the current state of affairs – the background for the pending motion is this:  On December 13, 2007, Yucaipa and the IBT submitted a preliminary indication of interest describing a "possible plan of reorganization" that they might submit concerning the reorganization of the Debtors.  The submission stated, *inter alia,* that the IBT had agreed that it would work exclusively with Yucaipa to put together a plan of reorganization until Yucaipa notifies the IBT that Yucaipa has determined not to submit a plan.  And, indeed, it appears that the IBT, which represents approximately 9,000

---

[1] The following subsidiaries' and affiliates' Chapter 11 cases are jointly administered with Interstate Bakeries: Armour and Main Redevelopment Corporation; Baker's Inn Quality Baked Goods, LLC; IBC Sales Corporation; IBC Services, LLC; IBC Trucking LLC; Interstate Brands Corporation; and New England Bakery Distributors, LLC; and Mrs. Cubbison's Foods, Inc.

[2] Attorneys for the involved parties in interest made their arguments for and against the relief requested in a Chambers conference on December 19, 2007.  At that time, the Court advised the parties that it would consider the request if the Debtors elected to file such a motion, and that the matter would be ruled promptly without further arguments.

of the Debtors' 25,000 employees, has refused to discuss a plan of reorganization with other interested parties and the Debtors.[3]

Absent the relief requested in the motion, the deadline for Yucaipa and other interested parties to submit competing financing or reorganization proposals to the Debtors is January 15, 2008.  By their motion, the Debtors are effectively seeking the termination of the "exclusivity" agreement between Yucaipa and the IBT at an earlier date – in the event Yucaipa should decide *not* to submit a full-blown reorganization plan and disclosure statement – so that the IBT would be free to discuss a plan with other parties and/or the Debtors.  Notably, the motion seeks the shortened timeline for only Yucaipa and the IBT, and not for any other interested party.

Understandably, the Debtors and their attorneys are frustrated at the lack of a detailed and substantive offer from Yucaipa and at the refusal of the IBT to talk with anyone other than Yucaipa.  That frustration does not, however, warrant the issuance of an extraordinary order compelling Yucaipa and the IBT to file a proposed plan of reorganization and disclosure statement within 14 days – or else be prohibited from later filing such papers.  Such an ultimatum would be wholly unwarranted, particularly under the present circumstances.

As in most Chapter 11 cases, the Debtors in these jointly administered cases have been largely in control of the pace of the proceedings, including the scheduling and hearings on motions and other matters, including the filing of a plan of reorganization.  For the last three years, the Debtors have sought and maintained the exclusive right to file a plan of reorganization.  In short, the Debtors have been calling the shots.  The present schedule for the submission of proposals for the reorganization or sale of the company is the schedule established by the Debtors.  For that reason alone, the Debtors are in no position to complain about the absence of bids or proposals at this juncture, and they are certainly in no position to demand that potential bidders be put under an expedited and totally unreasonable deadline because of their frustrations with the IBT.[4]

---

[3] Instead of talking to each other, the IBT, Yucaipa and the Debtors have engaged in a war of dueling news releases touting the rightness (if not the righteousness) of their respective positions.

[4] In fact, the Debtors acknowledged in argument that the deadline almost certainly cannot be met by Yucaipa and/or the IBT.  Counsel noted that the Debtors worked for almost a year putting together the business plan that serves as the foundation for their proposed plan of reorganization, and expressed skepticism that Yucaipa and/or the IBT could assemble such a plan in 14 days, particularly since that 14 days includes two long holiday weekends.

The Court recognizes that this case is at a critical juncture.  The Court recognizes that the Debtors and their attorneys are exasperated at the IBT's refusal to talk to the Debtors and to potential bidders other than Yucaipa.  The Court also believes that the IBT's strategy of dealing exclusively with Yucaipa and repeatedly stating that it would prefer liquidation to a deal with the Debtors is not in the best interests of all parties.  Nonetheless, the IBT is entitled to pursue whatever strategy it deems best and to talk (or not talk) to whomever it pleases, just as any other party or concerned group is entitled to do.  That does not give the Court any justification for setting an extraordinary and expedited deadline for Yucaipa and the IBT – and only Yucaipa and the IBT – to submit their final proposal to the Debtors and the Court.

As a general proposition, the Court undoubtedly has the power under § 105(d) to set an expedited deadline for the submission of competing proposals.  However, it would be arbitrary, capricious, and totally unreasonable for the Court to do so under the present circumstances, particularly on the basis of an emergency motion filed just 14 days before the requested deadline. If Yucaipa and the IBT fail to submit a meaningful or valid proposal, and if the Court approves the Debtors' disclosure statement at the end of January – as it is inclined to do – perhaps the Debtors and the IBT will be able to work out their differences.  Until then, the Debtor has set the schedule; now it must live with it.

For the foregoing reasons, the Debtor's Motion is DENIED.

SO ORDERED this 21st day of December, 2007.

/s/ Jerry W. Venters
United States Bankruptcy Judge


Attorney for Debtor To Serve