**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION**

| | |
|---|---|
| In re:<br><br>INTERSTATE BAKERIES<br>  CORPORATION, et al.,<br><br>              Debtors. | Chapter 11<br><br>Case No. 04-45814 (JWV)<br><br>Jointly Administered |
| US BANK NATIONAL ASSOCIATION, in its capacity as Trustee of the IBC CREDITOR'S TRUST,<br><br>              Plaintiffs,<br><br>v.<br><br>Continental Food Sales, Inc.<br>Houston Energy Services Company, L.L.C., d/b/a HESCO and Houston Energy Services Co., L.L.C.<br>PMC International Corp. f/k/a Peerless Machinery Corp.<br>Sethness Products Company<br>Harman Atchison Research Group, L.L.C.<br><br>              Defendants. | Original Adversary Proceeding No. 06-04191<br><br>New Adversary Proceeding No. _____ |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS
AND FOR JUDGMENT**

COMES NOW US Bank National Association ("Trustee"), in its capacity as Trustee of

the IBC Creditor's Trust (the "Creditors Trust"), by and through their undersigned counsel, bring

this adversary proceeding to avoid and recover certain preferential transfers made to Continental

1764932.2

Food Sales, Inc., Houston Energy Services Company, L.L.C., d/b/a HESCO and Houston Energy Services Co., L.L.C., PMC International Corp. f/k/a Peerless Machinery Corp., Sethness Products Company, and Harman Atchison Research Group, L.L.C. (individually, "Defendant", and collectively, "Defendants"), and respectfully allege as follows:

## INTRODUCTION

A.   Overview

1.   On September 22, 2004 (the "Petition Date"), Interstate Bakeries Corporation and seven[1] of its subsidiaries and affiliates (the "Original Debtors") each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  Furthermore, on January 14, 2006, the ninth debtor, Mrs. Cubbison's Foods, Inc., also filed a voluntary petition in this Court for reorganization relief under chapter 11 of the Bankruptcy Code (Mrs. Cubbison's Foods, Inc. and the Original Debtors are collectively referred to herein as the "Debtors").

2.   Trustee brings this adversarial proceeding pursuant to the powers granted to it in the IBC Creditors' Trust Agreement[2] in order to avoid preferential transfers made from property of one or more Debtors to the Defendants pursuant to Section 547 of the Bankruptcy Code, and to recover the amount transferred pursuant to Section 550 of the Bankruptcy Code.

B.   Trustee's Authority

---

[1]   The following subsidiaries' and affiliates' chapter 11 cases are jointly administered with IBC's chapter 11 case: Armour and Main Redevelopment Corporation; Baker's Inn Quality Baked Goods, LLC; IBC Sales Corporation; IBC Services, LLC; IBC Trucking LLC; Interstate Brands Corporation ("Brands"); and New England Bakery Distributors, L.L.C.
[2]   See Discussion, infra ¶¶ 3 to 7.

2

1764932.2

3.      On October 31, 2008, the Debtors filed an Amended Joint Plan of Reorganization of Interstate Bakeries Corporation and its Affiliated Debtors and Debtors-in-Possession (the "Amended Plan") (Docket No. 11488).  Pursuant to the hearing before this court on December 5, 2008, this Court entered an Order (Docket No. 11698), confirming the Amended Plan.

4.      Pursuant to the Amended Plan, notice was served on November 25, 2008 that Trustee would serve as trustee of the Creditor's Trust.  (Docket No. 11596)

5.      On December 5, 2008, this court entered an Order Pursuant to 11 U.S.C. § 363(b) and Fed. R. Bank. P. 9019 Approving Compromise of Controversies and Disputes Among Various Parties Including the Debtors, the Pre-Petition Lenders and the Official Committee of Unsecured Creditors (Docket No. 11696).  That Order established the Creditors' Trust and transferred to it certain assets, including certain "Trust Avoidance Claims".

6.      The "Trust Avoidance Claims" were approximately 240 claims specifically-identified in the attachment to the Assignment Agreement for Preference and Director and Officer Claims Between Debtor and Creditors' Trust dated February 3, 2009.  The claims include a number – though not all – of the preference claims subject to the Original Preference Action[3] filed by Debtors.

7.      The Creditors' Trust became effective on February 3, 2009, when the relevant parties agreed to the terms of the IBC Creditors' Trust Agreement  (Docket No. 11882).  Section 4.2 of that agreement specifically provides that on the effective date and "without having to obtain any further order of the Bankruptcy Court," the Trustee "shall be deemed to have intervened" as the party in interest in any proceeding related to a "Trust Claim" (which the Amended Plan defines as the D&O Claim and the Trust Avoidance Claims).

---

[3]    *See* Discussion, infra ¶¶ 8 to 12.

C.   The Preference Action

8.   On August 25, 2006, the Debtors filed a Motion to Approve Pursuit of Certain Preference and Other Potential Actions, and Related Procedures, Pursuant to 11 U.S.C. §§ 105, 363, and 544-554, and F. R. Bankr. P. 7004 (docket no. 7532) (the "Procedures Motion"), under which the Debtors requested entry of an order which, among other things: (a) authorized the Debtors to file a single complaint in a form attached to the motion identifying the hundreds of potential defendants who had allegedly received preference payments, (b) extended the deadline (the "Service of Process Commencement Deadline") for the Debtors to commence service of process under Bankruptcy Rule 7004 to the ninetieth (90th) day after the effective date of any confirmed plan of reorganization in these cases, subject to modification, if any, as may be provided in such plan, and (c) explicitly preserved the rights of all parties to prosecute the actions filed pursuant to the Order.

9.   On September 19, 2006, after appropriate notice and opportunity for a hearing, and over the objections of several parties, this Court entered an order (Docket no. 7764) granting the relief requested in the Procedures Motion, except that the Service of Process Commencement Deadline was modified to be "the earlier of (1) December 31, 2007[4], or (2) the ninetieth (90th) day after the effective date of any confirmed plan of reorganization in these cases, subject to modification, if any, as may be provided in any such plan.

10.  On September 20, 2006, the Debtors filed a Complaint to Avoid Preferential Transfers and for Judgment (the "Original Preference Action").

---

[4]   Subject to further extension in accordance with relevant law.

11.     Through a series of motions (Docket Nos. 9830, 10808, 11545) and subsequent other in the 06-04191 case, and the resulting Orders granting those motions (Docket Nos. 9928, 10881, 11715), and subsequent others in the 06-04191 case, the Court extended the deadline to serve the Original Preference Action in order to permit the Debtors to formulate and implement the Amended Plan, and to permit the Creditors' Trust to pursue informal settlement of the claims at issue.  The most recent of these extensions permits the Creditors' Trust until April 30, 2010 to serve the Original Preference Action with regard to the approximately 240 Trust Avoidance Claims assigned to it.

12.     On May 14, 2009, the Creditor's Trust filed a Motion to Bifurcate Certain Preference and Other Adversary Actions and Related Procedures (the "Motion to Bifurcate"), under which the Creditor's Trust requested entry of an order which granted leave for the Creditor's Trust to periodically bifurcate the Original Preference Action into new adversary proceedings against groups of up to, but no more than, five specific defendants who were identified in the original Preference Action and assigned to the Creditor's Trust as Trust Avoidance Claims.  On June 17, 2009, the Court entered an order granting the relief requested in the Motion to Bifurcate.

**PARTIES, JURISDICTION AND VENUE**

13.     The Plaintiff in this action is the Trustee.  Trustee has the power to bring this action[5].

14.     Continental Food Sales, Inc. is a corporation organized under the laws of the State of Washington, with its principal place of business located in Bainbridge Island, Washington.

---

[5]  *See* Discussion, infra ¶¶ 3 to 7.

Continental Food Sales, Inc. was indentified as a defendant in the Original Preference Action and is identified with respect to the Trust Avoidance Claims.

15.     Houston Energy Services Company, L.L.C., d/b/a HESCO and Houston Energy Services Co., L.L.C. is a limited liability company organized under the laws of the State of Texas with its principal place of business located in Houston, Texas.  Houston Energy Services Company, L.L.C. was indentified as a defendant in the Original Preference Action and is identified with respect to the Trust Avoidance Claims.

16.     PMC International Corp. f/k/a Peerless Machinery Corp. is a dissolved corporation organized under the laws of the State of Ohio with its principal place of business located in Sidney, Ohio.  Peerless Machinery Corp. was indentified as a defendant in the Original Preference Action and is identified with respect to the Trust Avoidance Claims.  Upon information and belief, Peerless Machinery Corp. changed its name to PMC International Corp.  Soon thereafter, PMC International Corp. was dissolved.

17.     Sethness Products Company is a corporation organized under the laws of the State of Illinois with its principal place of business located in Lincolnwood, Illinois.  Sethness Products Company was indentified as a defendant in the Original Preference Action and is identified with respect to the Trust Avoidance Claims.

18.     Harman Atchison Research Group, L.L.C. is a limited liability company organized under the laws of the State of Kansas with its principal place of business located in Mission, Kansas.  Harman Atchison Research Group, L.L.C. was indentified as a defendant in the Original Preference Action and is identified with respect to the Trust Avoidance Claims.

19.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 in that this action arises in a case under Title 11 of the Bankruptcy Code.

1764932.2

20. Venue is proper in this Court under 28 U.S.C. § 1409.

21. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

22. Pursuant to the Motion to Bifurcate and related Order, this action is related to the Original Preference Action and shall reach back and relate to that action for purposes of jurisdiction and timeliness – particularly the requirements of 11 U.S.C. §§ 108 and 546.

## COUNT 1
### (Avoidance of Preferential Transfers – 11 U.S.C. §547)

23. Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 22 hereof, as if fully restated herein.

24. The amounts identified in "Attachment 1" hereto represent one or more transfers (the "Transfers") that were made by one or more of the Debtors to or for the benefit of the indicated Defendants, an alleged creditor of the Debtors.

25. The Transfers were made from property of one or more Debtors for or on the account of antecedent debt allegedly owed by one or more of the Debtors to the indicated Defendants before the Transfers were made (the "Debt").

26. The Transfers were made while the Debtors were insolvent.

27. The Transfers were made by the Debtors to each Defendant on or within 90 days before the Petition Date.

28. On information and belief, the Transfers enabled each Defendant to receive more than such Defendant would have received if:

   a. this case was a case under Chapter 7 of the Bankruptcy Code;

   b. the Transfers had not been made; and

1764932.2

    c.  such Defendant received payment on the Debt to the extent provide by the provisions of the Bankruptcy Code.

29.    The Trustee is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT 2
### (Recovery of Preferential Transfers – 11 U.S.C. §550)

30.    Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 29 hereof, as if fully restated herein.

31.    Each Defendant is either (a) the initial transferee of the Transfers; (b) the entity for whose benefit the Transfers were made; or (c) an immediate or mediate transferee of the initial transferee.

32.    The Trustee is entitled to recover the Transfers, or the value of such property, from each Defendant pursuant to section 550(a) of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment granting the Trustee the following relief against each Defendant:

    a.  avoiding the Transfers as preferential transfers under Section 547(b) of the Bankruptcy Code.

    b.  granting judgment in favor of the Trustee and against each Defendant in an amount equal to the Transfers and ordering each Defendant to immediately pay to the Trustee an amount equal to the Transfers, pursuant to Section 550(a) of the Bankruptcy Code;

1764932.2

   c. awarding the Trustee prejudgment interest from the date of service, at the rate per annum deemed by the Court to be appropriate, as allowed by law until the date that each Transfer, together with all post-judgment interest and costs, is paid in full to the Trustee;

   d. awarding the Trustee costs of suit; and

   e. granting the Trustee such other and further relief, at law or equity, as is necessary or appropriate in the circumstances.

Dated: April 15, 2010        Respectfully submitted,

              */s/ Paul D. Sinclair*_____
              Paul D. Sinclair (Missouri Bar No. 26732)
              */s/ Dennis D. Palmer*_____
              Dennis D. Palmer (Missouri Bar No. 21499)
              */s/ Andrew J. Nazar*_____
              Andrew J. Nazar (Missouri Bar No. 57928)
              POLSINELLI SHUGHART, P.C.
              120 W. 12th Street, Suite 1700
              Kansas City, MO  64105
              Telephone (816) 421-3355
              Facsimile (816) 374-0509
              e-mail:  psinclair@polsinelli.com
              Attorneys for the Plaintiff

1764932.2